UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLENN LIOU,<br><br>   Plaintiff,<br><br>v.<br><br>ORGANIFI, LLC et al.,<br><br>   Defendants. | Case No.: 20-cv-1077-CAB-DEB<br><br>**ORDER DENYING MOTION TO REMAND**<br><br>[Doc. No. 4] |

This matter is before the Court on Plaintiff's Motion to Remand this action to San Diego County Superior Court. Based upon the record, including the notice of removal and the briefs and declarations supporting and opposing the motion, the motion is denied.

**I.   Background**

On August 30, 2019, Plaintiff Glenn Liou filed this putative class action in San Diego County Superior Court on behalf of himself and "[a]ll persons who have purchased" Organifi's Green Juice product ("the Product"). [Doc. No. 4-1, p. 7 at 16.][1] The complaint purported to assert only state law claims against Defendants. Defendants filed a demurrer in state court, and instead of opposing the demurrer, Plaintiff filed the operative first amended complaint ("FAC"). Defendants filed a demurrer to the FAC in Superior Court on February 14, 2020. [*Id.*]

---

[1] Document and page numbers are in reference to those assigned by the CM/ECF system.

Because of delays related to the COVID-19 pandemic, the demurrer to the FAC was not heard in Superior Court before Defendant filed a notice of removal on June 12, 2020. [*Id.*, p.6 at 1.] Plaintiff now moves for remand pursuant to 28 U.S.C. § 1447(c) on the ground that removal was untimely because the notice of removal was filed more than thirty days after the FAC was filed on January 6, 2020. [*Id.*, p. 12 at 8-10.]

## II. Discussion

Defendants removed this case under 28 U.S.C. § 1446 asserting jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). "Federal jurisdiction under CAFA has three elements: (1) there must be minimal diversity of citizenship between the parties, (2) the proposed class must have at least 100 members, and (3) the amount in controversy must 'exceed[] the sum or value of $5,000,000.'" *Kuxhausen v. BMW Fin. Servs., NA LLC*, 707 F.3d 1136, 1139 (9th Cir. 2013) (citing 28 U.S.C. § 1332(d)). As for the timing of a notice of removal, section 1446:

> identifies two thirty-day periods for removing a case. The first thirty-day removal period is triggered if the case stated by the initial pleading is removeable on its face. The second thirty-day removal period is triggered if the initial pleading does not indicate that the case is removable, and the defendant receives a copy of an amended pleading, motion, order or other papers from which removability may first be ascertained.

*Id.* (internal quotations and ellipses omitted). "[U]ntimely removal is a procedural defect and not jurisdictional . . . ." *Maniar v. F.D.I.C.*, 979 F.2d 782, 784 (9th Cir. 1992). Plaintiff does not dispute the existence of subject matter jurisdiction under CAFA. Plaintiff's sole argument for remand is that the existence of CAFA jurisdiction could be ascertained from the face of the FAC, making Defendants' removal untimely.

Neither party disputes that the existence of a putative class in excess of 100 members was ascertainable from the FAC. Furthermore, diversity was sufficiently established by the FAC because Plaintiff defined the class as "[all] persons who have purchased the Products in the past four years other than for purposes of resale or distribution." [Doc. No. 4-1, p. 7 at 16.] The Ninth Circuit has permitted broad class

definitions to establish diversity. *See Broadway Grill, Inc. v. Visa Inc.*, 856 F.3d 1274, 1276 (9th Cir. 2017) ("The complaint described the class as 'all California individuals, businesses and other entities who accepted Visa-branded cards in California since January 1, 2004'…The district court correctly denied the motion to remand because the class, on its face, included many non-citizens of California."). Based on the Plaintiff's broad class definition and CAFA's minimal diversity requirement, which is met when "any member of a class of plaintiffs is a citizen of a state different from any defendant," diversity was ascertainable on the face of the FAC. *Id.* at 1277 (internal quotations omitted).

Having determined that two of the three requirements for CAFA jurisdiction were ascertainable from the FAC, the only remaining issue is whether the amount in controversy was ascertainable as well. As discussed below, because it was not ascertainable from either the FAC or any other document produced in this litigation, neither of the thirty-day periods set forth in § 1446 were triggered. Therefore, removal was timely.

Removability "under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005). Defendants "need not make extrapolations or engage in guesswork; yet the statute 'requires a defendant to apply a reasonable amount of intelligence in ascertaining removability.'" *Kuxhausen*, 707 F.3d at 1140 (quoting *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 206 (2d Cir. 2001)). Thus, for example, if a complaint provides dollar values sufficient for the amount in controversy to be calculated using simple arithmetic, and that calculation results in an amount in excess of the jurisdictional minimum, the requisite amount in controversy is ascertainable from the face of the complaint. *Id.* However, a defendant is "not obligated to supply information which [the plaintiff] had omitted." *Id.* at 1141. "[E]ven if a defendant could have discovered grounds for removability through investigation, it does not lose the right to remove because it did not conduct such an investigation and then file a notice of removal within thirty days of receiving the

indeterminate document." *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013).

Plaintiff argues that Organifi did not use a "reasonable amount of intelligence" to ascertain that more than $5,000,000 was in controversy based on the FAC. However, none of the allegations in the FAC indicate that this jurisdictional minimum was satisfied. Plaintiff claims that his allegation that Organifi's annual revenues have been between $18–50 million put Defendants on notice that the amount in controversy exceeded $5 million. But considering that Organifi sells an array of products, its total revenues do not reveal sufficient information about its sales of the Product at issue in this lawsuit to ascertain the class' potential damages.

Indeed, even Plaintiff's efforts to calculate the amount in controversy from allegations in the FAC (1) that the alleged the "number of class members is likely in the tens of thousands," and (2) that a one-month supply of the Product costs $70, yields a total of only $1.4 million.[2] [Doc. No. 4-1, p.7 at 18.] Plaintiff then contends that Defendants could have applied a 2:1 punitive damages multiplier and added 25% for attorneys fees to raise the total matter in controversy over $5,000,000. Yet, Plaintiff's arguments for the amount of punitive damages and attorney's fees are based not on allegations in the FAC but on caselaw indicating that plaintiffs in similar cases had used similar ratios. [Doc. No. 4-1, p. 15 at 6-9.] Had the FAC expressly alleged that Plaintiff sought punitive damages of at least twice the amount of compensatory damages along with attorney's fees of 25% of the total of compensatory and punitive damages, Plaintiff's position would be stronger. The FAC does not include such allegations, however, and Defendants are "not obligated to supply information which [the plaintiff] omitted." *Kuxhausen*, 707 F.3d at 1141. Accordingly, even accepting Plaintiff's argument that Defendants could have ascertained

---

[2] Using the *Kuxhausen* court's reasoning that "'hundreds' by definition, means at least 200," Plaintiff argues that "tens of thousands" sufficiently establishes a minimum of 20,000 class members. $70 x 20,000 = $1,400,000. *Kuxhausen*, 707 F.3d at 1140.

that $1.4 million in compensatory damages was in controversy from the four corners of the FAC, that amount is well below that jurisdictional threshold.

Finally, Plaintiff's argument that Defendants must show by a preponderance of the evidence that they first ascertained removability based on their investigation within thirty days of the date of removal is misguided. When Defendants discovered through their own investigation that the requirements for jurisdiction under CAFA were satisfied is irrelevant to whether their removal was timely because timeliness of removal "under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge." *Harris*, 425 F.3d at 694. As such, "[i]f plaintiffs think that their action may be removable and…that the defendant might delay filing a notice of removal until a strategically advantageous moment" plaintiffs have an incentive to make removability clearly ascertainable. *Roth*, 720 F.3d at 1126. Because no pleading or other paper from this lawsuit indicated that this case was removable at the time the notice of removal was filed, neither thirty-day removal period from § 1446 was triggered. As a result, Defendants' removal was timely regardless of when they discovered the facts sufficient to determine that the jurisdictional requirements of CAFA are satisfied in this case.

### III.   Conclusion

Because the existence of federal jurisdiction over this lawsuit was not apparent on the face of any pleading or other paper provided by Plaintiff in connection with this litigation, neither thirty-day deadline for Defendants to file a notice of removal was triggered. Accordingly, Defendants' removal was not untimely under 28 U.S.C. § 1446. Plaintiff's motion to remand is therefore **DENIED**.

It is **SO ORDERED**.

Dated:  August 6, 2020

Hon. Cathy Ann Bencivengo
United States District Judge