UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLENN LIOU,<br><br>              Plaintiff,<br><br>v.<br><br>ORGANIFI, LLC et al.,<br><br>              Defendants. | Case No.: 20-cv-1077-CAB-DEB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**<br><br>[Doc. No. 3] |

This matter is before the Court on Defendants Organifi, LLC's and Andrew Canole's motion to dismiss Plaintiff's complaint. [Doc. No. 3.] The motion has been fully briefed and the Court finds it suitable for determination on the papers submitted and without oral argument. *See* S.D. Cal. CivLR 7.1(d)(1). For the reasons set forth below, Defendants' motion to dismiss is granted in part and denied in part with leave to amend.

**I.     BACKGROUND**

Plaintiff Glenn Liou filed this putative consumer class action complaint against Defendants Organifi, LLC and Andrew Canole (collectively "Defendants") in the Superior Court of California, County of San Diego, on August 30, 2019. [Doc. No. 1-2.] On January 6, 2020, Plaintiff filed a First Amended Complaint ("FAC") [Doc. Nos. 1-3, 1-4], and Defendants removed the action to this Court on June 12, 2020. [Doc. No. 1.]

The FAC asserts claims for: (1) Breach of Implied Warranties of Merchantability and Fitness for Particular Purpose; (2) Breach of Express Warranty; (3) Violation of California's Consumer Legal Remedies Act ("CLRA"), California Civil Code § 1750 *et seq.*; (4) Violation of California's Unfair Competition Law ("UCL"), California Business & Professions Code § 17200 *et seq.*; and (5) Restitution, Money Had and Received, Unjust Enrichment, and/or Quasi-Contract and Assumpsit. [Doc. No. 1-4 at ¶¶ 68–116.]

Defendant Organifi, LLC ("Organifi") manufactures, promotes, advertises, and sells its product Organifi Green Juice ("Green Juice" or "Product"). [Doc. No. 1-3 at ¶ 1.] Defendant Andrew Canole is the founder, manager, and primary promoter of Organifi. [*Id.* at ¶ 6.] Plaintiff alleges that based on information disseminated by Organifi through its website, on or about January 29, 2019, he placed an order for a one-month supply of the Green Juice, spending $72.90. [*Id.* at ¶ 21.] Plaintiff alleges that Defendants specifically state that the Green Juice's efficacy had been established by numerous clinical trials published on a prominent government website and supported by a prestigious medical university ("Clinical Trial Statements"), Georgetown University Medical Center. [*Id.* at ¶¶ 21, 28.] As alleged in the FAC, the Clinical Trial Statements made by Defendants are false and misleading as neither the links that Defendants cited to, nor the search results on the web pages returned references to any clinical trials. [*Id.* at ¶¶ 25, 27, 28, 29, 30.] Additionally, Plaintiff specifies twenty statements Defendants made relating to the Green Juice's benefits ("Benefit Statements") that are allegedly false or misleading. [*Id.* at ¶ 31(a)–(t).]

Plaintiff seeks to represent a class of "All persons who have purchased the [Green Juice] in the past four years other than for purposes of resale or distribution." [*Id.* at ¶ 11.] On June 19, 2020, Defendants moved to dismiss Plaintiff's FAC. [Doc. No. 3.]

## II. LEGAL STANDARD

The familiar standards on a motion to dismiss apply here. To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Thus, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). On the other hand, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Nor is the Court "required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotation marks omitted).

### III.   DISCUSSION

Defendants move to dismiss Plaintiff's FAC for the following reasons: 1) Plaintiff fails to state a claim for breach of an implied warranty of fitness for a particular purpose because Plaintiff fails to allege that the very nature of the product made the product unfit for its purpose; 2) Plaintiff's claim for breach of express warranty fails because it is based on a lack of substantiation; 3) Plaintiff's claims of violation of the CLRA and UCL fail because: (a) the complaint only alleges a claim for lack of substantiation, which is not actionable by a private plaintiff; (b) the claims fail under the primary jurisdiction doctrine since as predicated on violations of the Food, Drug, and Cosmetic Act ("FDCA") and the Dietary Supplement Health and Education Act of 1994 ("DSHEA") and are thus preempted; and 4) Plaintiff's claims for the common counts fail because they do not constitute specific causes of action and because Plaintiff failed to allege facts sufficient to show that the money Plaintiff paid Defendants was intended to be used for the benefit of Plaintiff, as opposed to consideration for a purchase.

### A.     Rule 9(b) Heightened Pleading Requirements

As a preliminary matter, the parties disagree whether Plaintiff's complaint is grounded in fraud which would require heightened pleading standards. Plaintiff attempts to argue that some of his claims are based on violations of state and federal laws for mislabeling and therefore not grounded in fraud. This argument is unconvincing. The entirety of Plaintiff's complaint is premised on alleged fraudulent activity by the Defendants with regard to the Clinical Trial and Benefit Statements to promote the efficacy of the Green Juice. Even if fraud is not a necessary element of a claim, the plaintiff must still comply with Rule 9(b) if he "allege[s] in the complaint that the defendant has engaged in fraudulent conduct." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003). This is true when the plaintiff "allege[s] a unified course of fraudulent conduct and rel[ies] entirely on that course of conduct as the basis of a claim." *Id*. This renders the claim "grounded in" or "sounding in" fraud. *Id*. A claim grounded in fraud must meet the heightened pleading requirements of Rule 9(b). *Id*. at 1103–04.

Because Plaintiff's claims are all grounded in fraud, the complaint must satisfy the heightened pleading requirements of Federal Rule of Civil Procedure 9(b) which provides: "in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The pleader must "identify the who, what, when, where, and how of the misconduct charged, as well as what is misleading about the purportedly fraudulent statement, and why it is false." *Davidson v. Kimberly-Clark Corp.*, 873 F.3d 1103, 1110 (9th Cir. 2017) (quoting *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011). These heightened pleading requirements apply equally to any claims based on UCL, FAL and CLRA claims which ground in fraud. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009).

Plaintiff's complaint sufficiently meets the heightened pleading requirements of Rule 9(b). Defendants contend that Plaintiff failed to address the following: (1) when did Plaintiff view the website; (2) in what way did Plaintiff detrimentally rely on Defendants' statements; (3) what statements did Plaintiff specifically rely upon; and (4) why did he rely

upon those statements? Yet each of these questions are answered by the complaint. Plaintiff alleges that on January 29, 2019, he viewed information disseminated by Defendants online and placed an order for the Green Juice in reliance on the Clinical Trial and Benefit Statements which he specifically identifies throughout his complaint in sufficient detail. Plaintiff alleges he detrimentally relied on these statements because he cares about the nutritional content of food and seeks to maintain a healthy diet. Accordingly, Plaintiff's complaint meets Rule 9(b)'s heightened pleading requirements.

### B.   Warranty Claims

Defendants contend Plaintiff's breach of implied warranties claim fails because Plaintiff's claim is based on injuries attributable to Defendants' marketing efforts rather than the nature of the product itself. Defendants also contend Plaintiff's breach of express warranty claim fails because it is not pled with sufficient specificity and because it is an impermissible lack of substantiation claim.

Plaintiff brings separate claims for breach of implied warranty of merchantability and implied warranty of fitness for a particular purpose. "The California Commercial Code implies a warranty of merchantability that goods 'are fit for ordinary purposes for which such goods are used.'" *Birdsong v. Apple, Inc.*, 590 F.3d 955, 958 (9th Cir. 2009) (citing Cal. Com. Code § 2314(2)(c)). Thus, an implied warranty of merchantability "provides for a minimum level of quality," and "a breach of the warranty of merchantability occurs if the product lacks even the most basic degree of fitness for ordinary use." *Id*. (internal citations and quotation marks omitted). In contrast, an "implied warranty of fitness for a particular purpose arises when a 'seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods,' which are fit for such purpose." *Keith v. Buchanan*, 220 Cal. Rptr. 392, 399 (Cal. Ct. App. 1985) (quoting Cal. Com. Code § 2315).

Here, Plaintiff fails to allege how the Green Juice does not provide for even a minimum level of quality or lacks the most basic degree of fitness for ordinary use. The

ordinary use, as the Product's name suggests, is a juice, and there is no indication that Plaintiff received anything other than a juice. On the other hand, the Court agrees that Defendants mischaracterize Plaintiff's allegations in relation to the breach of implied warranty of fitness for a particular purpose claim. Ultimately, the FAC alleges that Defendants warranted that the Green Juice's efficacy as to its numerous Benefit Statements (health management, weight loss, heart health, etc.) is supported by the countless clinical trials published in government websites and undertaken by a prestigious medical university. Plaintiff therefore purchased the Green Juice for the particular purpose of the numerous Benefit Statements that were allegedly supported by these numerous clinical trials, which Plaintiff alleges do not exist. Thus, the Court finds that Defendants' argument that Plaintiff's claim is not attributable to the product itself fails. Moreover, as discussed above, Plaintiff adequately alleged he relied on the Clinical Trial and Benefit Statements when purchasing the Green Juice.

To successfully allege a breach of express warranty, California Commercial Code § 2313 requires a plaintiff must allege: (1) the exact terms of the warranty, (2) reasonable reliance thereon, and (3) breach. *See Williams v. Beechnut Nutrition Corp.,* 185 Cal. App. 3d 135, 144 (1986). "Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description." CAL. COM. CODE § 2313(1)(b). "Statements made by a manufacturer through its advertising efforts can be construed as warranty statements." *Aaronson v. Vital Pharms., Inc,* No. 09-CV-133 W(CAB), 2010 WL 624337, at *6 (S.D. Cal. Feb. 17, 2010).

Plaintiff alleges Defendants' Clinical Trial Statements to promote the Benefit Statements constitute express warranties that became part of the basis of the bargain. "Whether the label actually provided a warranty and is likely to deceive a consumer are not appropriate questions to decide on a dismissal motion." *Branca v. Bai Brands, LLC*, Case No.: 3:13-cv-00757-BEN-KSC, 2019 WL 1082562, at *9 (S.D. Cal. Mar. 7, 2019). For pleading purposes, the Court accepts as true the allegations of the FAC and concludes that Plaintiff has pled the elements of his breach of express warranty claim.

Accordingly, Plaintiff's breach of implied warranty of merchantability claim is **DISMISSED without prejudice** and Defendants' motion to dismiss Plaintiff's breach of implied warranty of fitness for a particular purpose and breach of express warranty claims, is **DENIED**.

### C. CLRA and UCL Claims

Defendants contend Plaintiff's CLRA and UCL claims should be dismissed because (1) his allegations only support a lack of substantiation which is not actionable by a private plaintiff; (2) the claims fail under the primary jurisdiction doctrine to the extent they are predicated on violations of the FDCA; and (3) the claims are preempted to the extent they are predicated on violations of the DSHEA.

#### 1. Lack of Substantiation

The UCL prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. The CLRA prohibits any "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer." Cal. Civ. Code § 1770.

Private litigants may not bring suit under the UCL or CLRA alleging only that advertising claims lack substantiation. *See Nat'l Council Against Health Fraud, Inc. v. King Bio Pharm., Inc.*, 133 Cal. Rptr. 2d 207, 213 (Cal. App. Ct. 2003); *Stanley v. Bayer Healthcare LLC*, 2012 WL 1132920, at *3 (S.D. Cal. 2012). That right is reserved for "the Director of Consumer Affairs, the Attorney General, any city attorney, or any district attorney." Cal. Bus. & Prof. Code § 17508. As a result, private litigants must allege actual falsity or misrepresentation for their UCL and CLRA claims, and may do so by citing to "testing, scientific literature, or anecdotal evidence." *Alvarez v. NBTY, Inc.*, 2017 WL 6059159, at *8 (S.D. Cal. Dec. 6, 2017) (quoting *Kwan v. SanMedica Int'l, LLC*, 854 F.3d 1088, 1095–96 (9th Cir. 2017)).

In the false advertising context, an advertising claim is false if it has "actually been disproved," that is, if the plaintiff can point to evidence that directly conflicts with the

claim. *Eckler v. Wal-Mart Stores, Inc.*, 2012 WL 5382218, at *3 (S.D. Cal. Nov. 1, 2012). By contrast, an advertising claim that merely lacks evidentiary support is said to be unsubstantiated. *Id*. ("There is a difference, intuitively, between a claim that has no evidentiary support one way or the other and a claim that's actually been disproved. In common usage, we might say that both are 'unsubstantiated,' but the caselaw (and common sense) imply that in the context of a false advertising lawsuit an 'unsubstantiated' claim is only the former.").

Here, Plaintiff argues that the FAC identifies a series of specific statements that are allegedly provably false and misleading, again referring to Defendants' Clinical Trial Statements. Plaintiff alleges provable falsity of Defendants' Clinical Trial Statements such that: (1) there are in fact no supporting clinical trials sponsored by a prestigious medical university and posted on clinicaltrials.gov; (2) there are not "numerous" clinical trials of Green Juice; (3) the supposed studies that do exist do not apply to Green Juice or are of the ingredient levels in Green Juice at levels not contained in Green Juice; and (4) the lone "clinical trial" that supports the efficacy of Green Juice to address various maladies is not in fact a clinical trial. The Court agrees that Defendants' Clinical Trial Statements are specific factual statements that do not amount to mere lack of substantiation claims. Plaintiff also attempts to argue that Defendants' Benefit Statements, listed in the FAC at ¶ 31(a)–(t) are a separate basis for Plaintiff's CLRA and UCL claims. However, these claims would require Plaintiff to point to direct evidence specifically showing why each of the twenty identified Benefit Statements are provably false, which Plaintiff has not done here.

To that extent, Plaintiff's CLRA and UCL claims premised solely on the Benefit Statements are **DISMISSED without prejudice** as lack of substantiation claims. However, according to the Court's reading of the FAC, the Benefit Statements only come into play because ultimately it is the Clinical Trial Statements that Defendants affirmatively made that were used to promote the efficacy of the Benefit Statements. Accordingly, Defendants' motion to dismiss Plaintiff's CLRA and UCL claims as lack of substantiation claims is **DENIED** as to the Clinical Trial Statements.

### 2.     Primary Jurisdiction Doctrine

The primary jurisdiction doctrine "is a prudential doctrine under which courts may, under appropriate circumstances, determine that the initial decision making responsibility should be performed by the relevant agency rather than the courts." *Davel Comm'ns, Inc. v. Qwest Corp.*, 460 F.3d 1075, 1086 (9th Cir. 2006). "[T]he doctrine applies where there is (1) the need to resolve an issue that (2) has been placed by Congress within the jurisdiction of an administrative body having regulatory authority (3) pursuant to a statute that subjects an industry or activity to a comprehensive regulatory scheme that (4) requires expertise or uniformity in administration." *Id*. at 1086. Notably, "the doctrine does not, however, require that all claims within an agency's purview be decided by the agency." *Id*. Where "the allegations of the complaint do not necessarily require the doctrine's applicability, then the primary jurisdiction doctrine may not be applied." *Id*. at 1088.

When deciding whether to defer jurisdiction at the motion to dismiss stage, courts must "apply a standard derived from Rule 12(b)(6) jurisprudence: whether the complaint plausibly asserts a claim that would not implicate the [primary jurisdiction] doctrine." *County of Santa Clara v. Astra United States*, 588 F.3d 1237, 1251–52 (9th Cir. 2009) (declining to invoke primary jurisdiction where action would "plausibly be adjudicated" without agency's expertise), rev'd on other grounds, 563 U.S. 110 (2011). Here, Plaintiff's FAC presents a typical false advertising case well within the province of this Court because "allegations of deceptive labeling do not require the expertise of the FDA to be resolved in the courts, as every day courts decide whether conduct is misleading." *Jones v. ConAgra Foods, Inc.*, 912 F. Supp. 2d 889, 899 (N.D. Cal. 2012). Accordingly, because Plaintiff's CLRA and UCL claims do not necessarily require FDA expertise, offer "an issue of first impression," or offer an issue outside "the conventional experience of judges," the doctrine of primary jurisdiction is not implicated at this early pleading stage. *Brown v. MCI WorldCom Network Servs., Inc.*, 277 F.3d 1166, 1172 (9th Cir. 2002). Therefore, Defendants' motion to dismiss or stay Plaintiff's CLRA and UCL claims under the primary jurisdiction doctrine is **DENIED**.

9

20-cv-1077-CAB-DEB

### 3. Preemption

The FDCA "governs the labeling of food, drugs, cosmetic products and medical devices." *Lilly v. ConAgra Foods, Inc.*, 743 F.3d 662, 664–65 (9th Cir. 2014). In 1990, Congress amended the FDCA by enacting the NLEA, "which established uniform food labeling requirements[.]" *Id.* The NLEA contains an express preemption provision that preempts state-law food-labeling requirements that are "not identical to the requirements of section 343(r)." 21 U.S.C. § 343-1(a)(5). The phrase "not identical to" means "that the State requirement directly or indirectly imposes obligations or contains provisions concerning the composition or labeling of food [that] . . . [a]re not imposed by or contained in the applicable [federal regulation] . . . or [d]iffer from those specifically imposed by or contained in the applicable [federal regulation]." *Lilly*, at 665 (quoting 21 C.F.R. § 100.1(c)(4)) (alterations in original).

Under this framework, state-law claims are generally preempted only "where application of state laws would impose more or inconsistent burdens on manufacturers than the burdens imposed by the FDCA." *Gallagher v. Bayer AG*, No. 14-CV-04601-WHO, 2015 WL 1056480, at *4 (N.D. Cal. Mar. 10, 2015). Conversely, "[i]f a lawsuit asserts that a manufacturer has violated the FDCA (as amended by NLEA) and does not seek to impose additional or contrary burdens to those imposed under the FDCA, the claims raised under state law are not preempted." *Id.*, at *4 (citing *Salazar v. Honest Tea, Inc.*, No. 2:13-CV-02318-KJM, 2014 WL 2593601, at *4 (E.D. Cal. June 10, 2014)). In short, to avoid preemption, "the plaintiff must be suing for conduct that violates the FDCA" but not "solely because the conduct violates the FDCA, else his claim would be impliedly preempted under [21 U.S.C. §] 337(a)." *Trazo v. Nestle USA, Inc.*, No. 5:12-CV-2272-PSG, 2013 WL 4083218, at *5 (N.D. Cal. Aug. 9, 2013) (emphasis in original omitted).

As discussed above, Plaintiff's CLRA and UCL claims are premised on Defendants' Clinical Trial Statements being false and misleading. Defendants' argument with regard to whether the statements are permissible structure/function or disease claims is irrelevant. The Court has already dismissed Plaintiff's CLRA and UCL claims to the extent they are

based solely on the Benefit Statements as lack of substantiation claims. Accordingly, Defendants' motion to dismiss Plaintiff's CLRA and UCL claims as preempted is **DENIED**.

### D. Unjust Enrichment, Money Had and Received, and Assumpsit

"The elements of an unjust enrichment claim are the 'receipt of a benefit and [the] unjust retention of the benefit at the expense of another.'" *Peterson v. Cellco P'ship*, 164 Cal. App. 4th 1583, 1593 (2008) (quoting *Lectrodryer v. SeoulBank*, 77 Cal. App. 4th 723, 726 (2000)). "A quasi-contract action, in the form of a common count for money had and received, to recover money obtained by fraud (waiver of tort) or mistake, is governed by the fraud statute." *First Nationwide Savings v. Perry*, 11 Cal. App. 4th 1657, 1670 (1992). To bring an action based on a quasi-contract, a plaintiff must allege "that a defendant has been unjustly conferred a benefit through mistake, fraud, coercion, or request." *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015).

Here, Plaintiff alleges Defendants were unjustly conferred a benefit through his purchase of the Green Juice due to Defendants' false and misleading Clinical Trial Statements. Accordingly, Plaintiff has alleged sufficient facts to plead the alternative common counts and Defendants' motion to dismiss such claims is **DENIED**.

### E. Injunctive Relief

To establish standing for injunctive relief, Plaintiff must "demonstrate that he has suffered or is threatened with a concrete and particularized legal harm, coupled with a sufficient likelihood that he will again be wronged in a similar way." *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007) (internal quotations omitted); *see also Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 967 (9th Cir. 2018) (holding that a deceived consumer may have standing to sue for injunctive relief based on allegedly false advertising, but the consumer must still establish the threat of actual and imminent injury). In *Davidson*, the Ninth Circuit held "that a previously deceived consumer may have standing to seek an injunction against false advertising or labeling, even though the consumer now knows or suspects that the advertising was false at the time of the original

purchase." *Id*. at 969. The Ninth Circuit explained that, "[i]n some cases, the threat of future harm may be the consumer's plausible allegations that [he] will be unable to rely on the product's advertising or labeling in the future, and so will not purchase the product although [he] would like to." *Id*. at 969–70.

Here, while it is clear Plaintiff now knows or suspects that Defendants' advertising was false at the time of his purchase, Plaintiff does not allege any facts that suggest he intends to purchase the Green Juice in the future and therefore would be unable to rely on the Green Juice's advertising in the future. Accordingly, under *Davidson*, Plaintiff has failed to allege sufficient facts to suggest the threat of future harm and has not met his burden of establishing standing to seek injunctive relief.

### IV.  CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss is **GRANTED in part and DENIED in part**. Plaintiff's breach of the implied warranty of merchantability claim, Plaintiff's CLRA and UCL claims premised solely on Defendants' Benefit Statements, and Plaintiff's request for injunctive relief, are **DISMISSED without prejudice**. Should Plaintiff wish to amend his complaint he must do so by **October 22, 2020**. If no amended complaint is filed by this date, this case will continue on Plaintiff's remaining claims and Defendants must answer the FAC by **November 5, 2020**.

It is **SO ORDERED**.

Dated: October 1, 2020

Hon. Cathy Ann Bencivengo
United States District Judge